**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

A.B. WRIGHT,                                                               PETITIONER

V.                                                                 NO. 4:07CV132-P-B

RAYMOND BYRD, et al.,                                  RESPONDENTS

**OPINION**

This cause comes before the court on the petition of A.B. Wright for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

Wright was convicted of murder in the Circuit Court of Washington County, Mississippi. Wright was sentenced to life imprisonment. On November 29, 2005, the Mississippi Court of Appeals affirmed Wright's conviction and sentence. *See Wright v. State*, 915 So.2d 527 (Miss. App. 2005). Following the denial of his appeal, Wright admittedly failed to file any further motions or seek discretionary review in the Mississippi Supreme Court. *See* M.R.A.P. 17(b) and 40(a).

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1). A defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a). Since Wright failed to pursue a motion for rehearing the appeals process was stopped. *See Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, Wright's judgment became final fourteen days after the Court of Appeals affirmed his conviction.

The Court of Appeals decision was dated November 29, 2005. In the absence of any further review, Wright's sentence and conviction became final on December 13, 2005, the date on which his time for seeking further review in state court expired. Under the AEDPA, Wright then had one year to seek federal review of his judgment. In order to be timely, Wright's petition should have been filed on or before December 13, 2006. Wright did not file this petition until August 6, 2007, approximately 236 days too late. Furthermore, because Wright did not file a proper post-conviction application in the state courts, the AEDPA's tolling provision is not applicable.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). This court has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner has not alleged the type of "rare and

exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath new life into the petition. Consequently, it must be dismissed.

In an attempt to avoid the preclusive effect of the statute of limitation, Wright has asked that the court hold in abeyance any decision regarding his petition. Wright explains that he intends to return to state court and pursue post-conviction relief. As explained above, such an exercise would clearly be futile. Any motion for post-conviction relief filed in the state court will similarly be untimely. Accordingly, Petitioner's motion to hold in abeyance will also be denied.

A final judgment in accordance with this opinion will be entered.

THIS the 28th day of December, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE